**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In Re: | BKY No.: 18-43603 |
| Rivard Companies, Inc., | Chapter 11 Case. |
| Debtor. | |

## NOTICE OF HEARING AND MOTION TO APPROVE STIPULATION AND AGREEMENT

TO:   THE DEBTOR, THE UNITED STATES TRUSTEE, AND OTHER PARTIES IN INTEREST AS SPECIFIED IN LOCAL RULE 9013.3.

1.  Rivard Companies, Inc. ("**Debtor**"), by its undersigned attorney, moves the Court for relief and gives notice of hearing.

2.  The Court will hold a hearing on the Debtor's motion at 2:00 p.m. on Tuesday, March 26, 2019, in Courtroom 2B, United States Courthouse, 316 North Robert Street, St. Paul, MN 55101, before the Honorable William J. Fisher, or as soon thereafter as counsel can be heard.

3.  Any response or objection to the matters to be heard at the hearing must be filed and delivered by Thursday, March 21, 2019, which is five (5) days prior to the hearing date and time.  **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4.  This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1 and 1073-1.  Venue of the case and the Motion are proper in this District pursuant to 28 U.S.C. §§1408 and 1409.  This is a core proceeding.  This case was filed on November 16, 2019.

1

5. This motion arises under 11 U.S.C. §§361 and 363 and is filed under Fed. R. Bankr. P. 9014 and Local Rules 9013-1 through 9013-3. Caterpillar Financial Services Corporation ("CFSC") filed a Notice of Hearing and Motion for Relief from the Automatic Stay on February 14, 2019 (Doc. No. 73) and scheduled the hearing for 10:30 a.m. on Wednesday, March 13, 2019. The hearing took place and the Judge Ordered CFSC to obtain a waiver of service from certain creditors it did not serve with its Motion. CFSC was unable to obtain such waivers.

6. The Debtor and CFSC seek Court approval of the Stipulation and Agreement entered into between the Debtor and CFSC. Prior to the March 13, 2019 hearing, the Debtor and CFSC reached an agreement and filed a Stipulation with the Court on March 11, 2019 (Doc. No. 95).

7. The Debtor and CFSC entered into a Finance Lease dated in March 2017 (the "Lease") wherein CFSC leased a **Caterpillar 926M Wheel Loader (Serial/VIN LTE00304), Fusion Quick Coupler, GP Bucket, and LM Bucket (together, the "926M Loader")** to the Debtor.

8. The Debtor and CFSC entered into an Installment Sale Contract dated on or about February 13, 2015 (the "297D Contract") wherein CFSC financed the Debtor's purchase of a **Caterpillar 297D Multi Terrain Loader (Serial/VIN HP700235) (the "297D Loader")**;[1]

9. The Debtor and CFSC entered into an Installment Sale Contract dated on or about August 3, 2018 (the "938M Contract" and, together with the 297D Contract, the "Installment Sale Contracts"), wherein CFSC financed the Debtor's purchase of a **Caterpillar 938M Wheel Loader**

---

[1] Mike Rivard, the Debtor's chief executive officer, is the transferee of the 297D Contract and the 297D Loader pursuant to a Transfer and Assumption Agreement dated on or about November 30, 2016. The Debtor scheduled the 297D Loader in its bankruptcy filing.

**(Serial/VIN J3R05868) (the "938M Loader" and, together with the 926M Loader and the 297D Loader, the "CFSC Equipment");**

10.     Pursuant to the Stipulation and Agreement, the parties have agreed that the Debtor shall retain the CFSC Equipment subject to the terms and conditions of the Lease, the Installment Sale Contracts, and the Stipulation.

11.     Pursuant to the Stipulation and Agreement the parties have agreed that the Debtor shall make the following payments to CFSC with respect to the CFSC Equipment:

> <u>926M Loader</u>: The Debtor shall resume making its regular monthly payments under the Lease in April 2019. Any unpaid obligations shall be rolled into the Lease so as to extend the repayment term of the Lease. The terms and conditions of the Lease, and the parties' rights and obligations thereunder, shall not otherwise be modified, and shall remain in effect.

> <u>297D Loader</u>: Mr. Rivard shall make a payment of $2,124.49 to CFSC no later than 5 days following entry of an order approving this Stipulation, and shall resume making regular payments under the 297D Contract in April 2019. Any unpaid obligations shall be rolled into the 297D Contract so as to extend the repayment term of the 297D Contract. The terms and conditions of the 297D Contract, and the parties' rights and obligations thereunder, shall not otherwise be modified, and shall remain in effect.

> <u>938M Loader</u>: The Debtor shall make payments of $5,099.08 each, on March 20, 2019; April 1, 2019; and April 15, 2019; and shall resume making its regular monthly payments under the 938M Contract in May 2019. The skip months under the 938M Contract shall be changed from February, March, and April of each year, to December, January, and February of each year. Any unpaid obligations shall be rolled into the 938M Contract so as to extend the repayment term of the 938M Contract. The terms and conditions of the 938M Contract, and the parties' rights and obligations thereunder, shall not otherwise be modified, and shall remain in effect.

12.     The Debtor shall maintain all necessary insurance required under the Lease and the Installment Sale Contracts, naming CFSC as loss payee with respect thereto. The Debtor shall provide CFSC with satisfactory evidence of such insurance coverage no later than 5 days following entry of an order approving the Stipulation and Agreement.

13. If the Debtor defaults under the Lease, the Installment Sale Contracts, the Stipulation, or applicable law, and does not cure the default within 10 days following delivery of written notice of default to counsel for the Debtor, CFSC shall be permitted to file an affidavit of default, seeking the immediate entry of an order lifting the automatic stay with respect to the CFSC Equipment and the Debtor agrees that the only basis on which it may object to such stay relief is that it was not in default at the time of the filing of the affidavit of default.

14. A copy of the Stipulation and Agreement is attached to this Motion as **Exhibit A.**

15. Pursuant to Local Rule 9013-2(c), the Debtor gives notice that it may, if necessary, call Michael Rivard, Chief Executive Officer of the Debtor of the Debtor, with respect to the facts set out in this Motion.

**WHEREFORE**, the Debtor, through its undersigned attorney, respectfully requests an Order of the Court approving the Stipulation and Agreement between the Debtor and Caterpillar Financial Services Corporation and for such other and further relief as the Court may deem just and equitable.

Date: March 14, 2019.　　　　　　　　　　　　　**STEVEN B. NOSEK, P.A.**

By:/e/ Steven B. Nosek
Steven B. Nosek, #79960
2855 Anthony Lane South, Suite 201
St. Anthony, MN 55418
(612) 335-9171
(612) 789-2109
snosek@noseklawfirm.com
**ATTORNEY FOR DEBTOR**

VERIFICATION

I, Michael Rivard, CEO of the Debtor named in the foregoing pleading, declare under penalty of perjury that the foregoing pleading is true and correct according to the best of my knowledge, information and belief.

Dated: 3-14-19

_____
Michael Rivard, CEO

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re:<br><br>Rivard Companies, Inc,<br><br>Debtor. | Case No. 18-43603-WJF<br><br>Chapter 11 |

**STIPULATION AND AGREEMENT**

This Stipulation and Agreement (the "Stipulation") is made and entered into effective as of March 14, 2019, by and between Caterpillar Financial Services Corporation ("CFSC") and Rivard Companies, Inc. (the "Debtor"), with respect to certain equipment (as more fully described below) that is the subject of CFSC's pending motion for relief from the automatic stay (the "Lift Stay Motion").

**RECITALS**

WHEREAS, pursuant to a Finance Lease dated in March 2017 (the "Lease"), CFSC leased a Caterpillar 926M Wheel Loader (Serial/VIN LTE00304), Fusion Quick Coupler, GP Bucket, and LM Bucket (together, the "926M Loader") to the Debtor;

WHEREAS, pursuant to an Installment Sale Contract dated on or about February 13, 2015 (the "297D Contract"), CFSC financed the Debtor's purchase of a Caterpillar 297D Multi Terrain Loader (Serial/VIN HP700235) (the "297D Loader");[1]

WHEREAS, pursuant to an Installment Sale Contract dated on or about August 3, 2018 (the "938M Contract" and, together with the 297D Contract, the "Installment Sale Contracts"),

---

[1] Mike Rivard, the Debtor's chief executive officer, is the transferee of the 297D Contract and the 297D Loader pursuant to a Transfer and Assumption Agreement dated on or about November 30, 2016. The Debtor scheduled the 297D Loader in its bankruptcy filing.

CFSC financed the Debtor's purchase of a Caterpillar 938M Wheel Loader (Serial/VIN J3R05868) (the "938M Loader" and, together with the 926M Loader and the 297D Loader, the "CFSC Equipment");

WHEREAS, as of November 16, 2018 (the petition date), the Debtor was in default under the Lease and the Installment Sale Contracts;

WHEREAS, the Debtor has not made any post-petition payments due under the Lease or the Installment Sale Contracts;

WHEREAS, in connection with the Debtor's pre and post-petition payment defaults under the Lease and the Installment Sale Contracts, on February 14, 2019, CFSC filed the Lift Stay Motion, seeking to exercise its rights and remedies in connection with the CFSC Equipment;

WHEREAS, the Debtor seeks to retain the CFSC Equipment and CFSC agrees to the Debtor's continued retention of the CFSC Equipment, subject to the terms and conditions of this Stipulation.

NOW, THEREFORE, it is agreed by and between CFSC and the Debtor:

1.   The Debtor shall retain the CFSC Equipment subject to the terms and conditions of the Lease, the Installment Sale Contracts, and this Stipulation.

2.   The Debtor shall make the following payments to CFSC with respect to the CFSC Equipment:

> 926M Loader:  The Debtor shall resume making its regular monthly payments under the Lease in April 2019.  Any unpaid obligations shall be rolled into the Lease so as to extend the repayment term of the Lease.  The terms and conditions of the Lease, and the parties' rights and obligations thereunder, shall not otherwise be modified, and shall remain in effect.
>
> 297D Loader:  Mr. Rivard shall make a payment of $2,124.49 to CFSC no later than 5 days following entry of an order approving this Stipulation, and shall resume making regular payments under the 297D Contract in April 2019.  Any unpaid obligations shall be rolled into the 297D Contract so as to extend the repayment term of the 297D Contract.  The

2

terms and conditions of the 297D Contract, and the parties' rights and obligations thereunder, shall not otherwise be modified, and shall remain in effect.

938M Loader:  The Debtor shall make payments of $5,099.08 each, on March 20, 2019; April 1, 2019; and April 15, 2019; and shall resume making its regular monthly payments under the 938M Contract in May 2019.  The skip months under the 938M Contract shall be changed from February, March, and April of each year, to December, January, and February of each year.  Any unpaid obligations shall be rolled into the 938M Contract so as to extend the repayment term of the 938M Contract.  The terms and conditions of the 938M Contract, and the parties' rights and obligations thereunder, shall not otherwise be modified, and shall remain in effect.

3. The Debtor shall maintain all necessary insurance required under the Lease and the Installment Sale Contracts, naming CFSC as loss payee with respect thereto.  The Debtor shall provide CFSC with satisfactory evidence of such insurance coverage no later than 5 days following entry of an order approving this Stipulation.

4. If the Debtor defaults under the Lease, the Installment Sale Contracts, this Stipulation, or applicable law, and does not cure the default within 10 days following delivery of written notice of default to counsel for the Debtor, CFSC shall be permitted to file an affidavit of default, seeking the immediate entry of an order lifting the automatic stay with respect to the CFSC Equipment, and the Debtor agrees that the only basis on which it may object to such stay relief is that it was not in default at the time of the filing of the affidavit of default.

5. The terms and conditions of this Stipulation may not be altered, amended, or modified except by a writing executed by each of the parties.

6. The parties agree to execute and deliver such other documents that may be necessary to effectuate the terms, conditions, and purposes of this Stipulation.

IN WITNESS WHEREOF, CFSC and the Debtor have executed this Stipulation as of the date below.

Dated:  March 14, 2019                    **DORSEY & WHITNEY LLP**


By:  /e/ Monica Clark
Monica Clark, # 28211X
Suite 1500, 50 South Sixth Street
Minneapolis, MN  55402-1498
Telephone:  (612) 340-2600
Facsimile:   (612) 340-2868

*Attorneys for Caterpillar Financial Services Corporation*


Dated:  March 14, 2019                    **STEVEN B. NOSEK, P.A.**


By:  /e/ Steven B. Nosek
Steven B. Nosek, # 79960
2855 Anthony Lane South, Suite 201
St. Anthony, MN  55418
Telephone:  (612) 436-3289
Facsimile:   (612) 335-9171

*Attorneys for the Debtor*

4

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **In Re:** | **BKY No.: 18-43603** |
| **RIVARD COMPANIES, INC.,** | **Chapter 11 Case** |
| **d/b/a Central Wood Products,** | |
| **d/b/a Rivard Contracting, and** | |
| **d/b/a Gronomics,** | |
| | |
| **Debtor.** | |

### CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2019, I caused a copy of **Notice of Hearing and Motion to Approve Stipulation and Agreement; Verification; Exhibit; and Proposed Order** to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

US Trustee: ustpregion12.mn.ecf@usdoj.gov, ecfbkup@comcast.net
Sarah J. Wencil: Sarah.J.Wencil@usdoj.gov
Thomas Flynn: tflynn@larkinhoffman.com, bpeppersack@larkinhoffman.com,
gpederson@larkinhoffman.com, abeeby@larkinhoffman.com
Monica L. Clark: clark.monica@dorsey.com; hokiel.maryjo@dorsey.com
Natasha Wells: wells.natasha@dorsey.com; ridley.jean@dorsey.com
Roylene A. Champeaux: Roylene.Champeaux@usdoj.gov, usamn.ecfbankruptcy@usdoj.gov,
Muriel.hollands@usdoj.gov, darcie.boschee@usdoj.gov
James G. Robin: jrobin@wayzatalawgroup.com, jalderman@wayzatalawgroup.com
Peter J. Farrell: peter.farrell@dlpiper.com, diane.piechocki@dlpiper.com, joanne.stone@dlpiper.com
Thomas F. Miller: thomas@millerlaw.com, MillerTR79602@notify.bestcase.com
Michael P. Sly: sly.michael@dorsey.com, carpenter.vera@dorsey.com; yokiel.maryjo@dorsey.com

I further certify that I caused a copy of the **Notice of Hearing and Motion to Approve Stipulation and Agreement; Verification; Exhibit and Proposed Order** to be faxed and/or emailed or mailed to the following:

| | | |
|---|---|---|
| Rivard Companies, Inc.<br>19801 Highway 65 NE<br>East Bethel, MN 55011<br>lisa@rivardcompanies.com | Hamilton Associates, Inc.<br>F.G Bud Hamilton<br>2640 Snowmass Circle<br>Minnetonka MN 55305<br>Fhamilton@comcast.net<br>buccek@aol.com | MN Dept of Revenue<br>551 Bankruptcy Section<br>PO Box 64447<br>St. Paul MN 55164<br>Mdor.bkysesc@state.mn.us |
| US Attorney<br>300 South 4th Street, Suite 600<br>Minneapolis, MN 55415<br>**Fax:  612-664-5788** | Internal Revenue Service<br>Centralized Insolvency Office<br>PO Box 7346<br>Philadelphia PA 19101-7346<br>**Fax:  1-855-235-6787** | Rick Middleton<br>Precision Cedar Products, Corp<br>17665 66A Ave, #601<br>Surrey, BC V35 2A7 Canada<br>**Fax:  1-604-576-0376** |
| Kevin Kobbe<br>The Marbury Bldg<br>6225 Smith Avenue<br>Baltimore MD 21209<br>kevin.kobbe@dlapiper.com | William L. Thompson<br>Varnum LLP<br>160 W Fort St., 5th Floor<br>Detroit MI 48226<br>wlthompson@varnumlaw.com | Joan M. Quade<br>Barna Guzy & Steffen Ltd.<br>200 Coon Rapids Blvd.<br>Suite 400<br>Coon Rapids MN 55433-5894<br>jquade@bgs.com |

| Gene W. Rosen, Esq.<br>Gene Rosen's Law Firm<br>147-10 77th Avenue<br>Kew Gardens Hills NY 11367<br>**Gene@GeneRosen.com** | Steven Berkovitch<br>General Counsel<br>5 Hanover Sq., Suite 2102<br>New York NY 10004<br>**Steven@BBlawpllc.com** | RP Financial, LLC<br>Attn:  Kelly Niles<br>5810 W 78th Street<br>Suite 175<br>Bloomington MN 55439-2614<br>kniles@rpcapitalcorp.com |
|---|---|---|
| Fox Capitol Group<br>Attn:  Greg Fox<br>17640 Bentley Drive<br>Morgan Hill CA 95037<br>**greg@deltacapitalgroup.com**<br>**Mike@deltacapitalgroup.com** | Queen Funding<br>Attn:  Greg Fox<br>101 Chase Avenue, Suite 208<br>Lakewood NJ 08701<br>**greg@deltacapitalgroup.com** | |

Dated this 14th  day of March, 2019.                    **STEVEN B. NOSEK, P.A.**
/e/ Steven B. Nosek
Steven B. Nosek, #79960
2855 Anthony Lane South, Suite 201
St. Anthony, MN 55418
(612) 335-9171
snosek@noseklawfirm.com
**ATTORNEY FOR DEBTOR**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:  BKY No.: 18-43603
Chapter 11 Case

Rivard Companies, Inc.

Debtor.

---

# ORDER APPROVING STIPULATION AND AGREEMENT BETWEEN DEBTOR AND CATERPILLAR FINANCIAL SERVICES CORPORATION

---

Pursuant to the Motion to Approve Stipulation and Agreement between the debtor and Caterpillar Financial Services Corporation ("CFSC"),

**IT IS ORDERED:**

1. The Stipulation and Agreement is Approved; and

2. The debtor is authorized to make the payments to CFSC and shall make monthly the monthly payments to CFSC as set forth in the Stipulation.

Dated: _____

William J. Fisher
United States Bankruptcy Judge